UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLORIA LEE,  :  Plaintiff,  :  v.  :  A TO Z TRADING LLC AND ABDERRAZAK ZAKARIA,  :  Defendants.  : | Civil Action No.: 12-4624 (ES) (SCM)  OPINION |

**SALAS, DISTRICT JUDGE**

Plaintiff Gloria Lee ("Plaintiff") brings this action for breach of contract against Defendants A to Z Trading LLC ("Z Trading") and Abderrazak Zakaria ("Zakaria") (or, collectively, "Defendants"). Currently before the Court is Plaintiff's motion for entry of default against Z Trading. No opposition has been filed. The Court has reviewed the submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons that follow, the Court DENIES Plaintiff's motion.

Briefly, this case involves an alleged breach of contract relating to the sale of approximately $95,940 worth of jackets. Plaintiff moves for entry of default under Fed. R. Civ. P. 55(a) because Plaintiff believes that Z Trading's registered agent has been purposely evading service.

**I.    Factual Background**

The Court finds as follows:

1. Lee is a resident of Ontario, Canada. (D.E. No. 1, ¶ 1).

2. Zakaria is a resident of New Jersey. (*Id.* ¶ 2).

3. Z Trading is a New Jersey limited liability company. (*Id.* ¶ 3).

4. The amount in controversy is $95,940. (*Id.*).

1

5. Lee commenced this action on July 24, 2012. (*Id.*).

6. Lee did not attach a written exhibit to the complaint that evidences the contract between the parties. (*See Id.*)

7. Service of the Summons and Complaint was effectuated upon Zakaria on August 6, 2012. (D.E. No. 5).

8. Service of the Summons and Complaint was never successfully effectuated upon Z Trading. (D.E. No. 7-1, ¶ 6).

9. On September 21, 2012, Lee filed a motion for entry of default against Z Trading, but did not seek entry of default against Zakaria in that motion[1]. (D.E. No. 6).

10. The clerk entered default against Z Trading. (D.E. dated Sept. 23, 2012).

11. The September 23, 2012 entry of default was improper because service was never effectuated on Z Trading[2].

12. At this time, Lee has not filed a motion for entry of default against Zakaria.

13. On November 8, 2012, Lee filed the instant motion for entry of default against Z Trading. (D.E. No. 7).

14. The instant motion is supported by evidence that Z Trading's agent is attempting to evade service. (D.E. No. 7-1. Ex.C, ¶3).

15. In the instant motion, Lee is seeking relief which has already been granted.

## II.    Legal Standard

"It is axiomatic that in order for there to be in personam jurisdiction there must be valid service of process." *Atwell v. Lasalle Nat. Bank*, 607 F.2d 1157, 1159 (5th Cir. 1979).  Fed. R.

---

[1] The Court notes that entry of default against Zakaria has still not been properly requested, despite the fact that Zakaria has not timely answered.

[2] The Court's review of the record indicates that the Clerk's entry of default was in error, because service was never effectuated on Z Trading.

Civ. P. 4 governs service of process. In particular, Rule 4(c)(1) states that: "The plaintiff is responsible for having the summons and complaint served . . . ." In the Third Circuit, "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

### III.   Discussion

Here, Plaintiff argues that the Court should construe proper service to Z Trading because Z Trading has actual notice and Z Trading's agent is attempting to evade service. However, Plaintiff acknowledges that service to Z Trading has not been effectuated. Thus, Plaintiff has failed to meet her duty under Fed. R. Civ. P. 4 and this Court will not grant entry of default absent valid service.

### IV.   Conclusion

Accordingly **IT IS** on this 20th day of May, 2013,

**ORDERED** that because Plaintiff did not serve Z Trading, Plaintiff's motion is DENIED without prejudice with leave to re-file.

**ORDERED** that the Clerk's entry of default against Z Trading is vacated.

**ORDERED** that pursuant to Fed. R. Civ. P. 4(m), Plaintiff shall effectuate service to Z Trading within 30 days from the date of this Order. The Court directs Plaintiff to serve Z Trading by mailing certified mail and regular mail simultaneously to Z Trading's registered agent (Zakaria, in his capacity as registered agent of Z Trading, not in his capacity as an individual). This mailing should be mailed to the "usual place of abode of…a person authorized by rule of law to accept service for the defendant", in accordance with Fed. R. Civ. P. 4(h) and N.J. Ct. R. 4:4-1-7.

*s/Esther Salas*_____
**Esther Salas, U.S.D.J.**

3