<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GLORIA LEE** : | |
| : | |
| Plaintiff, : | Civil Action No. 12-4624 (ES) |
| : | |
| v. : | OPINION & ORDER |
| : | |
| **A TO Z TRADING LLC;** : | |
| **and ABDERRAZAK ZAKARIA** : | |
| : | |
| Defendants. : | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on Plaintiff Gloria Lee's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). The motion is unopposed. Having considered Plaintiff's submissions, (D.E. No. 15), the Court hereby GRANTS in part and DENIES in part Plaintiff's motion for default judgment.

**I.   FACTS**

On July 24, 2012, Plaintiff commenced this civil action seeking damages against A to Z Trading LLC ("Z Trading") and Abderrazak Zakaria ("Zakaria") (collectively, "Defendants") for breach of contract and fraud. (D.E. No. 1, Complaint ("Compl.")). Plaintiff claims that she met Zakaria at a trade show in Las Vegas, Nevada in August of 2011. (Compl. ¶ 18). Zakaria subsequently ordered 492 jackets from plaintiff: 432 jackets in his first order and 60 jackets in a second order. (*Id.* ¶¶ 19, 22). According to Plaintiff, she shipped the jackets to Zakaria in a timely fashion, but he never paid. (*Id.* ¶ 25, 35).

On August 6, 2012, Zakaria was served with a copy of the Summons and Complaint. (D.E. No. 5). On August 20, 2012, Zakaria requested additional time to answer the Complaint in order to find an attorney. (D.E. No. 3).

On September 23, 2012, the Clerk of the Court entered default against Z Trading. (D.E. dated 9/23/2012). Thereafter, Plaintiff filed a motion seeking default judgment against Z Trading, but not against Zakaria. (D.E. No. 7). The Court denied Plaintiff's motion for default judgment and ordered Plaintiff "to serve Z Trading by mailing certified mail and regular mail simultaneously to Z Trading's registered agent (Zakaria, in his capacity as registered agent of Z Trading, not in his capacity as an individual)." (D.E. No. 8, Opinion & Order at 3).

On May 21, 2013, the Clerk of the Court entered default as to Zakaria. (See D.E. dated 5/21/2013). On August 22, 2013, Plaintiff served the New Jersey Department of Treasury with a copy of the Summons and Complaint on Z Trading's behalf. (D. E. No. 11). On April 11, 2014, the Clerk of the Court entered default as to Z Trading. (D.E. dated 4/11/2014).

Plaintiff filed the instant motion on May 29, 2014 seeking default judgment against Defendants jointly and severally in the amount of $95,940. (D.E. No. 15). Upon reviewing Plaintiff's motion, however, the Court noticed deficiencies in the Complaint. Specifically, Plaintiff failed to allege Zakaria's relationship to Z Trading, or whether he had actual or apparent authority to bind the company to a contract. After the Court brought these issues to the attention of Plaintiff's counsel on the record during the December 15, 2014 status conference, Plaintiff voluntarily dismissed her claims against Defendant Z Trading with prejudice. (D.E. No. 17).

**II.     LEGAL STANDARD**

"Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether

default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). A party seeking default judgment is not entitled to relief as a matter of right; the Court may enter default judgment "only if the plaintiff's factual allegations establish the right to the requested relief." *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (quoting *Nautilus Ins. Co. v. Triple C. Const. Inc.,* No. 10-2164, 2011 WL 42889, at *4 (D.N.J. Jan. 6, 2011) (internal quotation marks omitted)).

In order to determine whether granting default judgment is proper, the Court must consider the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000). A meritorious defense is one which, "if established at trial, would completely bar plaintiff's recovery." *Momah v. Albert Einstein Medical Center,* 161 F.R.D. 304, 307 (E.D.Pa.1995) (citing *Foy v. Dicks,* 146 F.R.D. 113, 116 (E.D.Pa.1993)). Furthermore, a defendant's culpable conduct in allowing default is a relevant consideration for a district court. *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir. 1982).

### III.   DISCUSSION

First, the Court finds that Zakaria was properly served. On August 6, 2012, Zakaria was personally served with a copy of the Summons and Complaint at his residence in New Jersey. (D.E. No. 5, Affidavit of Service).

Second, the Court finds that Plaintiff stated a sufficient cause of action for her breach of contract claim. In New Jersey, a plaintiff must allege three elements to state a breach of contract claim: "(1) a valid contract, (2) breach of that contract, and (3) damages resulting from that

breach." *Ramada Worldwide Inc.*, 2012 WL 924385, at *3. Upon reading the Complaint as a whole, and accepting the facts as true, *see Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that the factual allegations of the complaint . . .will be taken as true."), it appears that (1) Zakaria ordered 492 jackets from Plaintiff, (Compl. ¶¶ 19, 22), and that he promised to pay $95,940 for the jackets, (*id.* ¶ 35); (2) Zakaria accepted the jackets, (*id.* ¶¶ 7, 25), yet never paid, (*id.* ¶¶ 8, 28, 29, 31); and (3) Plaintiff was injured as a result of Zakaria's failure to pay, (*id.* ¶ 35). These allegations are further supported by Plaintiff's affidavit submitted in support of the instant motion. (D.E. No. 15-1). Thus, the Court finds that Plaintiff has stated a sufficient cause of action for a breach of contract claim.

On the other hand, the Court finds that Plaintiff has failed to sufficiently state a cause of action for fraud. Federal Rule of Civil Procedure 9(b) requires allegations of fraud to be stated with particularity. In New Jersey, there are five elements to establish a fraud claim: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Modern Technologies Grp., Inc. v. Bergman*, No. 05-5919, 2007 WL 2027915, at *2 (D.N.J. July 9, 2007) (quoting *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997)). Although Plaintiff has sufficiently established that Zakaria made a material misrepresentation that he knew was false when made, (Compl. ¶¶ 24, 29, 33), and that she relied on this material misrepresentation, (*id.* ¶ 34), Plaintiff has not alleged that the reliance was reasonable. Therefore, the Court will deny Plaintiff's motion for default judgment as to her fraud claim.[1]

---

[1] The Court also denies Plaintiff's motion for default judgment for her implied contract claim, book account claim, and account stated claim. As a matter of law, there cannot be an implied-in-fact contract claim if an express contract

Lastly, the Court finds that default judgment is warranted. Plaintiff will be prejudiced if the default judgment is not granted because Plaintiff shipped jackets to Zakaria and he has yet to provide her with compensation. *See Chamberlain*, 210 F.3d at 164. Furthermore, Zakaria's delay is due to culpable conduct. *See id.* In his letter to the Court, Zakaria acknowledged receipt of the Summons and Complaint and appeared to show interest in defending against the claims. (*See* D.E. No. 3). However, despite being aware of the pending litigation, Zakaria never responded or defended against Plaintiff's claims. Thus, Zakaria's actions were willful, and the Court finds that his delay is due to culpable conduct.

Although the first and third factors weigh in favor of default, the Court notes that the second factor—whether the defendant has a litigable defense—is less certain. *See Chamberlain*, 210 F.3d at 164. In particular, it is possible for Zakaria to allege that he was not acting in his individual capacity, but rather in his capacity as an agent of Z Trading. If so, this could be a possible defense to liability in his individual capacity. However, the Court does not have enough facts to find that this argument would completely bar Plaintiff's claims. Therefore, it is not enough to outweigh the factors in favor of granting default judgment.

Although default judgment is warranted as to Plaintiff's breach of contract claim, the Court must assess the amount of damages Plaintiff seeks. In considering the amount of damages,

---

covers the same subject matter. *Baer v. Chase*, 392 F.3d 609, 616-17 (3d Cir. 2004). Furthermore, a book account claim is similar in nature to a breach of contract claim, except that the amount owed can be shown by a statement of account. *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 151 (D.N.J. 2013). Plaintiff's book account claim does not allege any new facts, nor does it seek a different remedy. Based upon this, the Court finds that Plaintiff's breach of contract claim encompasses Plaintiff's book account claim and denies Plaintiff's motion for this claim as moot. Lastly, an account stated claim is another variety of a contract claim. *Richburg v. Palisades Collection LLC*, 247 F.R.D. 457, 465 (E.D. Pa. 2008). Based upon this, the Court denies Plaintiff's motion for this claim as moot for the same reasons as Plaintiff's book account claim.

the Court may make its determination by conducting a hearing or by receiving detailed affidavits from the claimant. *Durant v. Husband,* 28 F.3d 12, 15 (3d Cir. 1994) (stating that, if necessary, the court may hold a hearing to assess damages); *Amresco Financial I L.P. v. Storti*, No. 99-2613, 2000 WL 284203, at *2 (E.D. Pa. Mar. 13, 2000) (noting that the entry of a default judgment with an award of damages is proper when such an award can be ascertained from detailed figures in evidence and affidavits). Here, Plaintiff seeks $95,940 in damages. Plaintiff submitted an invoice signed by Zakaria totaling $84,240. (D.E. No. 15-1). Furthermore, the invoice is dated August 22, 2011, the month in which Plaintiff claims she met Zakaria at a trade show in Las Vegas, Nevada. (Compl. ¶ 18). Thus, Plaintiff has substantiated a claim for $84,240.

Plaintiff bases her claim for the remaining $11,700 in damages upon unsigned invoices dated September 26, 2011 and October 6, 2011. (*See* D.E. No. 15-1). A court does not have to accept the factual allegations in a complaint as true for the purposes of damages without further evidence. *See Comdyne I, Inc.*, 908 F.2d at 1149 (3d Cir. 1990). Without further support that Zakaria agreed to purchase the additional jackets, Plaintiff has failed to substantiate a claim for the remaining $11,700.

### IV.   CONCLUSION

Accordingly, IT IS on this 22nd day of December 2014,

**ORDERED** that Plaintiff Gloria Lee's motion for default judgment, (D.E. No. 15), against Defendant Abderrazak Zakaria is hereby GRANTED as to the First Count (breach of contract) of the Complaint; and it is further

**ORDERED** that Plaintiff's motion for default judgment as to the Second (implied contract) and Fifth (fraud) Counts of the Complaint are hereby DENIED; and it is further

**ORDERED** that Plaintiff's motion for default judgment as to the Third (book account) and Fourth (account stated) Counts of the Complaint are hereby DENIED as moot; and it is further

**ORDERED** that judgment is entered against Defendant Abderrazak Zakaria in the amount of $84,240 in addition to pre-judgment interest up to the date this Order is signed; and it is further

**ORDERED** that the Clerk of the Court may close this case.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**